UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNSON OGUNLANA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2929

Hon. Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7; Pet'r's Br., ECF No. 2, PageID.45.) In an order entered on October 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on October 21, 2026, (ECF No. 7), and Petitioner filed his reply on November 5, 2026, (ECF No. 9).

## II. Relevant Factual Background

Petitioner is a native and citizen of Nigeria who was admitted to the United States as a lawful permanent resident on June 12, 2013. (Pet'r's Br., ECF No. 2, PageID.11; Notice to Appear (NTA), ECF No. 7-1, PageID.75.) On February 17, 2022, Petitioner was convicted in the United States District Court for the District of Maryland of: (1) conspiracy to commit bank fraud and mail fraud in violation of 18 U.S.C. § 1349; (2) aiding and abetting access device fraud in violation of 18 U.S.C § 1029(a)(5); (3) aiding and abetting aggravated identity theft in violation of 18 U.S.C §§ 1028A(a)(1) and (c)(5); and (4) aiding and abetting theft of mail by a postal employee in violation of 18 U.S.C § 1709. (Judgment in a Criminal Case, ECF No. 7-2, PageID.80–81.) Petitioner was sentenced to six years' imprisonment. (*Id.*, PageID.82.)

On October 14, 2025, the Department of Homeland Security (DHS) served Petitioner a Form I-862 Notice to Appear (NTA), charging Petitioner with removability under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) because Petitioner was convicted of aggravated felonies in violation of §§ 1101(a)(43)(M), 101(a)(43)(U), and 101(a)(43)(G) of the INA. (NTA, ECF No. 7-1, PageID.75, 78.) On March 30, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Nigeria. (IJ Order, ECF No. 7-4, PageID.135.) Petitioner appealed the removal order to the Board of Immigration Appeals (BIA), and his appeal remains pending. (Filing Receipt for Appeal, ECF No. 7-5, PageID.138; Pet'r's Br., ECF No. 2, PageID.11.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

On May 5, 2026, Petitioner was detained by ICE following his release from federal prison. (Pet'r's Br., ECF No. 2, PageID.11.) On July 7, 2026, Petitioner had a bond hearing where the IJ denied bond, stating: "Lack of jurisdiction. [Petitioner] is subject to mandatory detention pursuant

to INA 236(c).” (IJ Order, ECF No. 7-6, PageID.141.) Petitioner appealed the denial of bond to the BIA, and his appeal remains pending. (Filing Receipt for Appeal, ECF No. 7-7, PageID.144.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is “available to every individual detained within the United States.” *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons “in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Discussion

Petitioner claims that his mandatory detention violates his due process rights. (Pet., ECF No. 1, PageID.6) Petitioner asks this Court to conduct an individualized bond hearing under § 1226(a) where the government bears the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. (*Id*., PageID.7.) Respondents counter Petitioner’s arguments by claiming that Petitioner is subject to mandatory detention under § 1226(c) because he was convicted of aggravated felonies. (Resp., ECF No. 7, PageID.65–66.)

Section 1226(c)(1)(B) provides, in relevant part, that “[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii) [or] (A)(iii) . . . .” 8 U.S.C. § 1226(c)(1)(B). Under section 1227(a)(2)(A)(iii), “[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable.” 8 U.S.C. § 1227(a)(2)(A)(iii). Section 1101(a)(43) defines “aggravated felony” as “an offense that–(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000 . . . .” 8 U.S.C. § 1101(a)(43)(M). Unlike § 1226(a), which allows for release on

bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, there is nothing in the record to call into question Petitioner's 2022 convictions for aggravated felonies as defined by § 1101. Therefore, based on the record before the Court, it does not appear that Petitioner is entitled to a bond hearing under § 1226(a) at this time.[1] Accordingly, the Court will dismiss the petition without prejudice on this basis.

## **Conclusion**

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 6, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

[1] To the extent that Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, Petitioner would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)). Further, if Petitioner's removal proceedings remain ongoing and Petitioner continues to be detained without a bond hearing, Petitioner is free to file a subsequent action challenging the constitutionality of his prolonged detention under § 1226(c) without a bond hearing.